UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY TYLER, #621964,

    Petitioner,

v.                                                       Case No. 2:08-CV-12423
                                                         Honorable Arthur J. Tarnow
                                                         Magistrate Judge Steven D. Pepe
CAROL HOWES,

    Respondent.
_____/

**OPINION & ORDER DENYING RESPONDENT'S
MOTION TO DISMISS, HOLDING IN ABEYANCE
THE PETITION FOR WRIT OF HABEAS CORPUS
AND ADMINISTRATIVELY CLOSING THE CASE**

This matter is before the Court on "Respondent's Motion to Dismiss" relative to Petitioner's *pro se* request for writ of habeas corpus pursuant to 28 U.S.C. §2254. Also before the Court is Respondent's motion for an enlargement of time in which to file its responsive pleading. Bradley Tyler, is presently confined at Florence Crane Correctional Facility in Coldwater, Michigan. He is challenging his 2006 conviction of two counts for second-degree criminal sexual conduct, Mich. Comp. Laws §750.520c(1)(a), and was sentenced to two concurrent terms of 4 years, 9 months to 15 years.

Respondent states in its dismissal motion that Petitioner has completely failed to exhaust his state court remedies by not appealing his state court conviction to the Michigan Court of Appeals or to the Michigan Supreme Court. Accordingly, it is

*Tyler v. Howes*
08-CV-12423

Respondent's position that this matter should be dismissed without prejudice on lack of exhaustion grounds. Petitioner filed an answer objecting to the dismissal of his petition.

For the reasons stated below, the Court will deny the motion to dismiss without prejudice, hold the petition in abeyance and administratively close the case.

## I.  Background

Petitioner pled guilty to the above offenses in Alcona County Circuit Court. He raised the following issues on habeas review without first presenting them to the Michigan Court of Appeals or Michigan Supreme Court:

> I.  Petitioner is innocent of the charges that have been brought against him by the State of Michigan.
>
> II.  Petitioner was denied his constitutional rights of due process of law and effective counsel as he was coerced by his attorney to plead guilty and not allowed to confront his accuser in a court of law as Petitioner requested.
>
> III.  Petitioner has no course of legal action in the State of Michigan to withdraw his plea of guilty and stand trial for these false allegations.
>
> IV.  Petitioner is wrongly being detained by the state of Michigan as a result of the conditions of this case and should b granted a writ of habeas corpus.
>
> V.  Petitioner should be allowed equitable tolling in the acceptance and granting of this application for a writ of habeas corpus.

*Tyler v. Howes*
08-CV-12423

## II. Discussion

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and(c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971); *Hannah v. Conley*, 49 F. 3d 1193, 1195 (6th Cir. 1995). A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005). A prisoner confined pursuant to a Michigan conviction must raise each habeas issue in both the Michigan Court of Appeals and in the Michigan Supreme Court before seeking federal habeas corpus relief. *Hafley v. Sowders*, 902 F. 2d 480, 483 (6th Cir. 1990).

In the present case, Petitioner failed to seek any relief from the state appellate courts.[1] Approximately two years following his conviction and sentence, Petitioner filed the instant habeas petition with this Court. The Court, however, cannot conclude at this juncture that each of Petitioner's five claims, including ineffective assistance of trial counsel and actual innocence, are plainly meritless[2]. Petitioner has an available state

---

[1]Petitioner claims that he was prepared to appeal his state court conviction to the Michigan Court of Appeals. However, his court appointed attorney, Ronald Ambrose, told him that he did not have an appealable issue. Petitioner asserts that he was led to believe that there was no state appellate remedy he could seek in this matter.

[2]The Rule 5 materials were filed with the Court on December 31, 2008.

*Tyler v. Howes*
08-CV-12423

court remedy with which to exhaust his claims, and he has not sought to withdraw these claims from his habeas petition.

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under Michigan Court Rue 6.500.  See *Mikko v. Davis,* 342 F.Supp.2d 643, 646 (E.D. Mich. 2004).  Petitioner can exhaust this claim by filing a motion for relief from judgment with the Macomb County Circuit Court under MCR 6.502.  A trial court is authorized to appoint counsel for Petitioner, seek a response from the prosecutor, expand the record, permit oral argument, and hold an evidentiary hearing, MCR. 6.505- 6.507, 6.508(B) and (C).  Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal.  MCR 6.509; MCR 7.203; MCR 7.302; See *Nasr v. Stegall,* 978 F.Supp. 714, 717 (E.D. Mich. 1997).  Petitioner, in fact, is required to appeal the denial of his post-conviction motion to the Michigan Court of Appeals and the Michigan Supreme Court in order to properly exhaust the claims that he is raising in his post-conviction motion.  See e.g., *Mohn v. Bock,* 208 F.Supp.2d 796, 800 (E.D. Mich. 2002).

This Court believes that exceptional or unusual circumstances exist that would justify holding the petition for writ of habeas corpus in abeyance pending the completion of petitioner's appeal through the Michigan Supreme Court.  A dismissal of petitioner's habeas application without prejudice could forever preclude petitioner from obtaining habeas relief should his term of probation expire prior to the Michigan Supreme Court

*Tyler v. Howes*
08-CV-12423

rendering a decision in his case. At least two circuit courts have suggested that a habeas petition should be held in abeyance pending the complete exhaustion of state court proceedings, where an outright dismissal of the petition could jeopardize the petitioner's ability to bring a habeas petition in the future due to his inability to satisfy the "in custody" requirement due to the expiration of his sentence. *See Lee v. Stickman*, 357 F. 3d 338, 343. n. 5 (3rd Cir. 2004); *See also Gherity v. Swenson*,173 Fed. Appx. 532 (8th Cir. 2006). In addition, petitioner's claims do not appear plainly meritless. Finally, it does not appear that petitioner engaged in "intentionally dilatory tactics."*Rhines*, 544 U.S. at 278.

### III. ORDER

Accordingly, for the reasons stated, the Court **DENIES** Respondent's motion to dismiss without prejudice [Court Dkt. Entry # 9], and **STAYS** this action so that petitioner can fully exhaust state court remedies. The stay is conditioned on petitioner re-filing a habeas petition within 60 days after the conclusion of his appeal in the Michigan Supreme Court. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir.2002). Should Petitioner fail to comply with these conditions, his case may be subject to dismissal.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **ADMINISTRATIVELY CLOSE THIS CASE** for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto,* 207 F. Supp. 2d at 677.

5

*Tyler v. Howes*
08-CV-12423

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

It is further **ORDERED** that "Respondent's Motion to Enlarge Response Time" [Dkt.#6] is **GRANTED**.

                                            S/Arthur J. Tarnow
                                            Arthur J. Tarnow
Dated: March 11, 2009           United States District Judge

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on March 11, 2009, by electronic and/or ordinary mail.

                                            S/Catherine A. Pickles
                                            Judicial Secretary