UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY TYLER,

Petitioner,

Case Number 2:08-cv-12423
Honorable Arthur J. Tarnow

v.

THOMAS M. BIRKETT ,

Respondent.
_________________________________/

OPINION AND ORDER (1) DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner pled guilty in the Alcona Circuit Court to two counts of second-degree criminal sexual conduct. MICH. COMP. LAWS § 750.520c(1)(a). On October 24, 2006, the trial court sentenced him to 57-to-180 months' imprisonment. Petitioner was released from prison on April 18, 2013, and is serving a two-year term of parole. The petition raises five claims:(1) Petitioner is innocent; (2) trial counsel coerced Petitioner into pleading guilty; (3) Petitioner has no recourse in the state courts to withdraw his plea; (4) Petitioner is being wrongly detained; and (5) Petitioner is entitled to equitable tolling. The petition will be denied because Petitioner's claims are without merit. The Court also denies Petitioner a certificate of appealability.

## I. Background

Petitioner was originally charged with two counts of second-degree criminal sexual conduct, and three counts of third-degree criminal sexual conduct. Petitioner, a 4-H leader and Alcona County Fair board member, had horses on his property. He allowed the complainant to care for one of them. The charges related to allegations made by the complainant that Petitioner had molested her while she was at his residence twice when she was under thirteen years old, and three more times after she turned thirteen years old.

At the scheduled arraignment in the trial court, Petitioner accepted a plea bargain. The parties agreed that Petitioner would plead guilty to the two counts of second-degree criminal sexual conduct, and the three counts of third-degree criminal sexual conduct would be dismissed.

Petitioner was placed under oath at the plea hearing. He stated that he understood the plea agreement, and he confirmed that there were no other promises made to him other than what was placed on the record. The court informed Petitioner that he faced a maximum sentence of fifteen years. Petitioner acknowledged his understanding. The court twice asked Petitioner if he wanted to go ahead with the plea agreement, and Petitioner replied "Yes, sir."

The court went through the various trial rights that Petitioner would be giving up by pleading guilty, and Petitioner acknowledged his understanding. The court asked Petitioner if he had any questions, and Petitioner replied that he did not. The court asked Petitioner

if he understood everything that was occurring and Petitioner replied, "Yes, sir." The court then asked Petitioner how he pleaded to the two counts of second-degree criminal sexual conduct? Petitioner replied "Guilty." The court again asked Petitioner if he understood the plea, and Petitioner replied "Yes, sir."

Petitioner denied that anyone had threatened him or coerced him to get him to plead guilty. The court informed Petitioner that if he was anyone had made promised or threats to him, he was required to state so then or he would be giving up the claim that those threats or promises rendered his plea involuntary. Petitioner acknowledged his understanding. Petitioner also denied that he had taken any medicines, drugs, or intoxicants that were affecting him at the hearing.

A factual basis for the plea was then placed on the record. Petitioner testified that he fondled the breasts of a twelve-year-old girl on two occasions for purposes of sexual gratification. The court again asked Petitioner: "Now, do you still want me to accept these two guilty pleas?" Petitioner replied "Yes, sir." Plea Tr., p. 12. The court then accepted Petitioner's plea.

A the sentencing hearing, Petitioner did not protest his innocence. Rather, he informed the court that he was sorry for the sexual activity that happened with the complainant and the harm he had caused. Petitioner was subsequently sentenced to the maximum guideline range sentence of 57-to-180 months in prison.

In June 2008, prior to seeking any relief in the state courts, Petitioner filed a habeas petition with this Court. On March 11, 2009, this Court issued an order denying

Respondent's motion to dismiss the case on exhaustion grounds, and it stayed the case so that Petitioner could exhaust his state court remedies.

In May 2009, Petitioner filed a motion for relief from judgment with the trial court and raised the following arguments in his supporting brief:

> I. [Petitioner's] plea of guilty was made only because of the wrongful coercion of his counsel.
>
> II. [Petitioner] received ineffective counsel in that he was made to plead guilty against his will and was denied his constitutional right to confront his accuser, resulting in his being wrongfully incarcerated for crimes that he did not commit.
>
> III. The facts of this case require that [Petitioner] be allowed to withdraw his plea at any time and exercise his right to trial by jury.
>
> IV. [Petitioner] was denied his direct appeal by the ineffective assistance he received of his appellate counsel.
>
> V. An evidentiary hearing needs to be held to establish a record of the facts of this case.

The trial court denied Petitioner's motion in a brief order, summarily finding that Petitioner’s claims were without merit. Petitioner then filed a delayed application for leave to appeal with the Michigan Court of Appeals, raising only the first two claims. The Michigan Court of Appeals denied Petitioner's delayed application because Petitioner “failed to meet the burden of establishing entitlement to relief under M.C.R. 6.508(D).” *People v. Tyler*, No. 292673 (Mich. Ct. App. Oct. 16, 2009). The Michigan Supreme Court denied Petitioner's subsequent application for leave to appeal for the same reason. *People v. Tyler*, No. 140000 (Mich. Sup. Ct. May 25, 2010).

Petitioner later filed a motion to re-open the case with this Court. On February 10, 2011, this Court granted Petitioner's motion to lift the stay, and the case is now ready for decision.

II. Standard of Review

When a habeas claim has been adjudicated on the merits in state court, the AEDPA prohibits federal reviewing courts from granting the habeas petition unless the state court decision:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is contrary to clearly established federal law when a state court arrives at a conclusion opposite of that reached by the Supreme Court on a question of law or on indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). Unreasonable application of clearly established federal law occurs when "the state court identifies the correct legal principle from [the Supreme] Court's decision but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413. In terms of application, the Supreme Court has stated that, "[i]f this standard is difficult to meet, that is because it was meant to be." *Harrington v. Richter*, 131 S. Ct. 770, 786, 178 L. Ed. 2d 624 (2011). In this way, the writ of habeas corpus operates as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through

appeal." *Id*. (citing *Jackson v. Virginia*, 443 U.S. 307, 332, n. 5 (1979) (Stevens, J., concurring in judgment)).

III. Discussion

Petitioner enumerates five claims, but they all center around a common set of factual allegations. Petitioner contends that he was coerced by his counsel to accept a plea bargain because his counsel told him that if he went to trial he faced a minimum fifteen-year prison term, whereas if he accepted the bargain he would only serve two years. Petitioner further alleges that he informed his counsel that he was innocent of the charges, but his counsel told him that if he demanded to go to trial, he would withdraw. Petitioner finally contends that when he sought to appeal his conviction, his appointed appellate counsel found no potentially meritorious issues and, as a result, withdrew without ever having filed an appeal.

When a defendant is convicted as a result of a plea, habeas review is limited to whether the plea was made voluntarily, intelligently, and knowingly. See *United States v. Broce*, 488 U.S. 563 (1989); *Boykin v. Alabama*, 395 U.S. 238 (1969). A plea is voluntary if it is not induced by threats or misrepresentations and the defendant is made aware of the direct consequences of the plea. See *Brady v. United States*, 397 U.S. 742, 755 (1970). The voluntariness of a plea "can be determined only by considering all of the relevant circumstances surrounding it." *Id*. at 749. The plea is intelligent and knowing where there is nothing to indicate that the defendant is incompetent or otherwise not in control of his or her mental faculties, is aware of the nature of the charges, and is advised by competent

counsel. *Id*. at 756. The plea must be made "with sufficient awareness of the relevant circumstances and likely consequences." *Id*. at 748.

The trial court's summary denial of relief on the merits is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. The state court record reveals that Petitioner's guilty plea was knowing, intelligent, and voluntary. Petitioner was 60 years old at the time of his plea. There is no evidence that he suffered from any physical or mental problems which would have impaired his ability to understand the criminal proceedings or the nature of his plea. Petitioner was represented by legal counsel and conferred with counsel prior to and during the plea process. The trial court advised Petitioner of his trial rights and the fact that he would be giving up those rights by pleading guilty. The court discussed the charge and the maximum possible sentence. Petitioner indicated that he understood the terms of the plea, that he was pleading guilty of his own free will, and that he had not been coerced, threatened, or promised anything else to induce his plea. He admitted his guilt by stating that he had fondled the complainant's breasts when she was twelve years old. Petitioner has not shown that his plea was unknowing or involuntary.

Petitioner is also not entitled to relief on any claim that his plea was involuntary due to the ineffective assistance of counsel. The Supreme Court has set forth a two-part test for evaluating the claim of a habeas petitioner who is challenging a plea on the ground that he or she was denied the Sixth Amendment right to the effective assistance of counsel. First, the petitioner must establish that "counsel's representation fell below an objective standard of reasonableness." *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985) (quoting *Strickland*

*v. Washington*, 466 U.S. 668, 688 (1984)). To demonstrate that counsel's performance fell below this standard, a petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689.

Second, the petitioner must also demonstrate that counsel's performance resulted in prejudice, i.e., "that there is a reasonable probability that, but for counsel's errors, [he/she] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. The Supreme Court has explained that "[i]n many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through a trial." *Id*. The Supreme Court has also emphasized that "these predictions of the outcome at a possible trial, where necessary, should be made objectively, without regard for the 'idiosyncracies of the particular decisionmaker.'" *Id*. at 59-60 (quoting *Strickland*, 466 U.S. at 695).

The Supreme Court has confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard." *Id*. at 788. The Supreme Court has also emphasized the extraordinary deference to be afforded trial

counsel in plea bargaining. See *Premo v. Moore*, 562 U.S. , 131 S. Ct. 733, 741, 178 L. Ed. 2d 649 (2011) (stating that "strict adherence to the *Strickland* standard [is] all the more essential when reviewing the choices an attorney made at the plea bargain stage"); see also *Bray v. Andrews*, 640 F.3d 731, 738 (6th Cir. 2011) (citing *Premo*).

The record does not support Petitioner's claim that his guilty plea was unknowing or involuntary because defense counsel coerced him to accept a plea. At the plea hearing, Petitioner denied that he was coerced or threatened by anyone to enter his plea. Any claim that counsel pressured him into pleading guilty conflicts with his sworn testimony at the plea hearing that he was doing so of his own free will. As aptly stated by the Sixth Circuit when faced with a challenge to a plea bargain based upon alleged off-the-record statements:

> If we were to rely on [the petitioner's] alleged subjective impression rather than the record, we would be rendering the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statements during the plea colloquy . . . indicating the opposite. This we will not do, for the plea colloquy process exists in part to prevent petitioners . . . from making the precise claim that is today before us. "[W]here the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry."

*Ramos*, 170 F.3d 560, 566 (6th Cir. 1999) (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). Petitioner has failed to show that counsel misadvised him or was otherwise ineffective.

Petitioner claims that he is actually innocent. He explains, without evidentiary support, that what occurred was the complainant came to his house when she was eighteen years old and seduced him. When he subsequently refused to leave his wife for

her, she then made the allegations that he had molested her as a child. Petitioner claims that he told five other people that he was innocent before he pled guilty.

The United States Supreme Court has explicitly held that a criminal defendant may constitutionally enter a guilty plea even while protesting his innocence or declining to admit his commission of the crime. *North Carolina v. Alford*, 400 U.S. 25, 37-38 (1970). "Because a trial court may accept a guilty plea even when it is coupled with a claim of innocence, a fortiori a court is not required to permit withdrawal of that plea merely because a defendant belatedly asserts his innocence." *Gunn v. Kuhlman*, 479 F. Supp. 338, 344 (S.D.N.Y. 1979) (footnotes omitted).

Petitioner's claim of ineffective assistance of appellate counsel fails because he had not shown that he had any meritorious claims to present on appeal. *Bradley v. Birkett*, 192 Fed. Appx. 468, 475 (6th Cir. 2006).

Lastly, Petitioner claims that he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. When a habeas claim has been adjudicated on the merits by a state court, as here, federal habeas review "is limited to the record . . . before the state court" at the time of its decision. *Cullen v. Pinholster*, U.S. , 131 S. Ct. 1388, 1398, 179 L. Ed. 2d 557 (2011). Any evidence produced in an evidentiary hearing in federal court would be irrelevant and have "no bearing on §2254(d)(1) review." *Id.*, 131 S. Ct. at 1400. Accordingly, Petitioner is not entitled to a hearing in this case.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner demonstrates a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473 (2000). The Court finds that reasonable jurists would not debate the Court's resolution of Petitioner's claims. Therefore, the Court denies Petitioner a certificate of appealability.

## V. Conclusion

The Court **DENIES** the petition for a writ of habeas corpus **WITH PREJUDICE**. The Court **DENIES** a certificate of appealability but **GRANTS** permission to proceed on appeal in forma pauperis.

**SO ORDERED.**

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: January 22, 2014

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on January 22, 2014, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant